

Villanova University School of Law

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-22-2007

# Stackhouse v. PA State Pol

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Stackhouse v. PA State Pol" (2007). *2007 Decisions*. Paper 1583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4784, 05-4785, 06-2185
(Consolidated)

_____

DIANE STACKHOUSE,

Appellant

v.

PENNSYLVANIA STATE POLICE;
COMMONWEALTH OF PENNSYLVANIA

_____

Appeal from Judgments and Orders of the
United States District Court for the
Middle District of Pennsylvania
(D.C. Civil No. 1:cv-01-2223)
District Judge: Honorable Christopher C. Conner

_____

Argued:  January 30, 2007

_____

Before: BARRY and ROTH, Circuit Judges, and
DEBEVOISE*, Senior District Court Judge

(Opinion Filed: February 22, 2007)

_____

---

* Honorable Dickinson R. Debevoise, Senior District Court Judge for the District of New Jersey, sitting by designation.

_____

Spero T. Lappas, Esq. (Argued)
Serratelli, Schiffman, Brown and Calhoon, P.C.
2080 Linglestown Road, Suite 201
Harrisburg, PA 17110-9670
    Attorney for Appellant

Thomas W. Corbett, Jr., Esq.
    Attorney General
J. Bart DeLone, Esq. (Argued)
Senior Deputy Attorney General
Calvin R. Koons, Esq.
Senior Deputy Attorney General
John Knorr, III, Esq.
Chief Deputy Attorney General
Chief, Appellate Litigation Section
Office of Attorney General
Appellate Litigation Section
15th Floor, Strawberry Square
Harrisburg, PA 17120
    Attorneys for Appellee.

**Debevoise, Senior District Court Judge**

Appellant, Diane Stackhouse, a lieutenant with the Pennsylvania State Police

("PSP"), contending that PSP failed to promote her to captain based on her sex, brought

suit in the District Court under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2(a).

She claimed that the PSP promotion process from the rank of lieutenant to captain had a

disparate impact on women, that she was the victim of disparate treatment, and that she

suffered from retaliation. The District Court granted PSP's motion for summary

judgment on Stackhouse's retaliation claim; a jury rendered a verdict for PSP on her

disparate treatment claim; and the District Court, after receiving an advisory verdict

2

adverse to Stackhouse on her disparate impact claim, decided against her on that claim. The Court denied her motion for a new trial.[1]

Because we write for the parties, who are familiar with the extensive procedural and factual background of this case, we refer only to those matters that are necessary to an understanding of our decision.

The appeal raises four issues: i) whether the District Court correctly granted summary judgment in PSP's favor on Stackhouse's retaliation claim; ii) whether the District Court properly exercised its discretion when it granted PSP's in limine motions to exclude at trial evidence of a discrimination charge that another PSP employee filed with the EEOC and evidence of a report by Pennsylvania's Office of Inspector General detailing sexual harassment and sexual misconduct at the PSP; iii) whether the District Court properly denied Stackhouse's request that the Court charge the jury on the so-called "4/5 rule" that has been implemented in EEOC regulations as evidence of disparate impact; and iv) whether Stackhouse was prejudiced by the fact that, after Stackhouse's counsel had presented his closing argument, the District Court gave the jury a clarifying instruction on the critical issue of PSP's reason for the challenged employment decision.

The standard of review of a grant of summary judgment is plenary. <u>United States</u>

---

[1] Stackhouse filed three notices of appeal: i) an appeal from the judgment entered on October 4, 2005 on her retaliation claim; ii) an appeal from the judgment entered on October 4, 2005 on her disparate impact claim; and iii) an appeal from the judgment entered on September 15, 2005 on her disparate treatment claim and from the order entered on March 14, 2006 denying her motion for a new trial. These appeals have been consolidated.

Ex. Rel. Quinn v. Omnicare, 382 F. 3d 432, 436 (3d Cir. 2004). The District Court's decision to exclude evidence pursuant to Fed. R. Evid. 403 will not be reversed unless it is arbitrary and irrational. Bhaya v. Westinghouse Electric Corp., 922 F.2d 184, 187 (3d Cir. 1990). The standard of review of a District Court's refusal to give a particular jury instruction is abuse of discretion. United States v. Khorozian, 333 F.3d 498, 507-08 (3d Cir. 2003). The standard of review of a decision to deny a motion for a new trial is abuse of discretion. Montgomery County v. Microvote Corp., 320 F.3d 440, 445 (3d Cir. 2003).

We have reviewed the record with care and conclude that, for the reasons set forth in the District Court's opinions and implementing orders, the District Court correctly granted PSP's summary judgment motion on Stackhouse's retaliation claim and exercised proper discretion when it granted PSP's in limine motions. We also conclude that the District Court appropriately declined to give a jury instruction on the 4/5 rule.

The fourth ground for appeal requires a somewhat more extended discussion. At a charge conference, the Court distributed to counsel proposed written instructions and a verdict sheet. During discussion of the instruction concerning the disparate treatment claim, counsel for PSP urged that the proposed instruction's use of the words "motivating factor" did not make it clear that sex "was not just motivating but it was determinative." (App. at 2012). He thus characterized the proceeding as a pretext case. Stackhouse's counsel, on the other hand, argued that "[p]laintiff need only to prove that her sex played a motivating factor." (Id.). He thus characterized the proceeding as a mixed motive case.

The instruction as proposed by the Court used both "motivating factor" and

4

"determinative" language. The Court agreed with PSP's position as to what Stackhouse must prove to establish her disparate treatment claim and concluded that its charge, as proposed, accomplished that result. Stackhouse's counsel stated, "[we're] satisfied with the instruction." (App. at 2014).

Stackhouse's counsel closed to the jury relying on this instruction. Thereafter, the Court gave the instruction, to which no one objected at the time.

After considerable deliberation, the jury returned with a question as to whether the instruction in question was inconsistent. The Court, after discussion with counsel, decided that the instruction was in fact incorrect in that it contained elements of both a mixed motive claim and a pretext claim. Over the objections of Stackhouse's counsel, it confirmed that the case was a pretext case and that the jury should be recalled, informed that the previous instruction was in error, and then given an instruction and verdict form that was appropriate to a pretext case. That was done, and subsequently the jury returned a verdict for PSP. Stackhouse moved for a new trial. The District Court denied the motion.

We have reviewed the record and conclude that the confusion over this particular instruction and its correction after closing arguments did not prejudice Stackhouse. The case was tried as a pretext case. Stackhouse's counsel approved the incorrect charge. Although he referred to it and the corresponding verdict sheet during his closing argument, the pertinent portion of his argument was on the basis of a pretext case, not a mixed motive case. He noted that PSP contended that the 1998 test on which Stackhouse

5

scored highest was not the sole basis for promotion, and that there were secondary criteria on the basis of which other persons, who happened to be men, were selected. Stackhouse's counsel sought to demonstrate through extensive argument that there was no reliance on secondary criteria, that, in other words, secondary criteria were a pretext for gender discrimination:

> There has been a lot of talk in this trial, mostly from defendants, about the so-called secondary criteria. Well, this is what it says ladies and gentlemen of the jury, but really we have other criteria. Well, where are they? Where are they?

(App. at 2033).

The argument did not persuade the jury.

For the reasons discussed, we will affirm: i) the judgment of the District Court on Stackhouse's retaliation claim; ii) the judgment of the District Court on Stackhouse's disparate impact claim; iii) the judgment of the District Court on Stackhouse's disparate treatment claim; and iv) the order denying Stackhouse's motion for a new trial.